J-S04020-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| VINSON SANTORO, | |
| Appellant | No. 1066 MDA 2014 |

Appeal from the Judgment of Sentence entered June 3, 2014,
in the Court of Common Pleas of Lackawanna County,
Criminal Division, at No(s): CP-35-CR-0002836-2013

BEFORE:  BOWES, ALLEN, and STRASSBURGER*, JJ.

MEMORANDUM BY ALLEN, J.:                **FILED FEBRUARY 09, 2015**

Vinson Santoro, ("Appellant"), appeals from the judgment of sentence imposed after he pled guilty to simple assault.[1]  After careful review, we vacate the judgment of sentence and remand for re-sentencing.

The pertinent facts and procedural history are as follows:  On October 24, 2013, Patrolman James A. Smith of the Scranton Police Department was dispatched to 1846 Stafford Avenue after receiving a report of a physical domestic dispute.  Affidavit of Probable Cause, 10/24/13.  Upon Patrolman Smith's arrival, Carol Drozdick informed him that Appellant had assaulted her, and showed him visible injuries to her forehead.  *Id*.  Ms. Drozdick, who

---

[1] 18 Pa.C.S.A. § 2701(a)(1).

*Retired Senior Judge assigned to the Superior Court.

was six months pregnant, indicated that Appellant was angry because he thought the baby might not be his, and because he feared that Ms. Drozdick had infected him with a sexually transmitted disease. *Id*. Appellant punched Ms. Drozdick in the forehead twice, slapped her in the face once, threatened to kick her in the stomach, and threatened to "put her through a wall." *Id*. Appellant fled when Ms. Dozdick informed him that she was calling the police. *Id*.

Appellant was subsequently arrested and charged with simple assault. On March 5, 2014, Appellant entered his guilty plea. On June 3, 2014, the trial court sentenced him to 6 to 24 months of imprisonment.

Appellant filed a post-sentence motion for reconsideration on June 5, 2014, which the trial court denied by order dated June 6, 2014. This appeal followed.[2]

Appellant presents the following issues for our review:

A.  WHETHER THE SENTENCE IMPOSED WAS UNDULY HARSH AND EXCESSIVE AND AN ABUSE OF DISCRETION?

B.  WHETHER THE [TRIAL] COURT IMPOSED A SENTENCE IN THE AGGRAVATED RANGE WHERE THE [TOTALITY] OF THE CIRCUMSTANCES SURROUNDING THE COMMISSION OF THIS CRIME WERE NEITHER SO UNIQUE NOR EGREGIOUS AS TO WARRANT A SENTENCE OF INCARCERATION IN THE AGGRAVATED GUIDELINE RANGE?

Appellant's Brief at 4.

_____

[2] The trial court did not direct compliance with Pa.R.A.P. 1925.

Appellant's issues are interrelated. Therefore, we will address them together. Appellant argues that the trial court abused its discretion when it sentenced him to a term of imprisonment of 6 to 24 months. A challenge to the discretionary aspects of a sentence is not appealable as of right. Rather, Appellant must petition for allowance of appeal pursuant to 42 Pa.C.S.A. § 9781. *Commonwealth v. Hanson*, 856 A.2d 1254, 1257 (Pa. Super. 2004).

> Before we reach the merits of this [issue], we must engage in a four part analysis to determine: (1) whether the appeal is timely; (2) whether Appellant preserved his issue; (3) whether Appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code. The third and fourth of these requirements arise because Appellant's attack on his sentence is not an appeal as of right. Rather, he must petition this Court, in his concise statement of reasons, to grant consideration of his appeal on the grounds that there is a substantial question. Finally, if the appeal satisfies each of these four requirements, we will then proceed to decide the substantive merits of the case.

*Commonwealth v. Austin*, 66 A.3d 798, 808 (Pa. Super. 2013) (citations omitted).

Appellant has preserved his sentencing claims by filing a post-sentence motion and timely notice of appeal. Appellant has additionally included in his brief a concise statement pursuant to Pa.R.A.P. 2119(f). *See* Appellant's Brief at 9. Therefore, we proceed to determine whether Appellant has raised a substantial question for our review.

Appellant argues that in imposing a sentence of 6 to 24 months of imprisonment, the trial court failed to appropriately consider the requisite sentencing factors, failing to take into account the nature and circumstances of the offense and the history and characteristics of Appellant. Accordingly, Appellant asserts that his sentence was unduly harsh.

Although Appellant argues that he was sentenced "in the very high end of the aggravated range", *see* Appellant's Brief at 13, our review of the record includes a "Pennsylvania Commission on Sentencing Guideline Sentencing Form", which indicates that Appellant was sentenced beyond the aggravated range of the sentencing guidelines.[3] A claim that the sentencing court imposed an unreasonable sentence by sentencing outside of the guidelines presents a substantial question for our review. ***Commonwealth v. Eby***, 784 A.2d 204, 206 (Pa. Super. 2001). ***See also Commonwealth v. Felmlee***, 828 A.2d 1105, 1107 (Pa. Super. 2003) (*en banc*) (a substantial question is raised where an appellant alleges that the sentencing court erred by imposing an aggravated range sentence without consideration of appropriate sentencing factors). We therefore proceed to review Appellant's claim.

_____

[3] The Guideline Sentencing Form shows that Appellant had a prior record score of zero, and a standard range sentence of "Restorative Sanctions to 1" month, and an aggravated range sentence of 4 months.

"Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion." *Commonwealth v. Garcia-Rivera*, 983 A.2d 777, 780 (Pa. Super. 2009).

Section 9781(c) specifically defines three instances in which the appellate courts should vacate a sentence and remand: (1) the sentencing court applied the guidelines erroneously; (2) the sentence falls within the guidelines, but is "clearly unreasonable" based on the circumstances of the case; and (3) the sentence falls outside of the guidelines and is "unreasonable." 42 Pa.C.S. § 9781(c). *Commonwealth v. Bricker*, 41 A.3d 872, 876 (Pa. Super. 2012). In addition, the Sentencing Code specifies that "in every case where the court imposes a sentence ... outside the guidelines adopted by the Pennsylvania Commission on Sentencing ... the court shall provide a contemporaneous written statement of the reason or reasons for the deviation from the guidelines. 42 Pa.C.S.A. § 9721(b). However, [t]his requirement is satisfied when the judge states his reasons for the sentence on the record and in the defendant's presence ... in open court." *Commonwealth v. Antidormi*, 84 A.3d 736, 761 (Pa. Super. 2014).

> [Section 9721(b)] requires a trial judge who intends to sentence a defendant outside the guidelines to demonstrate on the record, as a proper starting point, his awareness of the sentencing guidelines. Having done so, the sentencing court may deviate from the guidelines, if necessary, to fashion a sentence which

takes into account the protection of the public, the rehabilitative needs of the defendant, and the gravity of the particular offense as it relates to the impact on the life of the victim and the community, so long as he also states of record the factual basis and specific reasons which compelled [him] to deviate from the guideline range.

***

The court's statement of reasons for deviating from the guidelines serves not only as a record of the court's rationale for the deviation but also as evidence that the court considered the guidelines. We cannot analyze whether there are adequate reasons for the deviation unless it is first apparent that the court was aware of, and considered the guidelines.

***Commonwealth v. Johnson***, 666 A.2d 690, 693 (Pa. Super. 1995) (citations omitted).

Here, the guidelines recommended a standard range of sentence of Restorative Sanctions – 1 month and an aggravated range sentence of 4 months. Appellant's sentence of 6 to 24 months fell outside the aggravated range of the guidelines. At the sentencing hearing, the trial court stated:

The Court finds that there's clearly aggravated reasons ***for an aggravated range of sentencing*** based on your not taking responsibility; the victim suffered physical injury; [Appellant] violated the ARD in the past and has not complied with [drug and alcohol treatment] and Scranton Counseling and has not taken advantage of multiple treatment opportunities in the past. Therefore it will be the sentence of the Court that [Appellant] be sentenced to six to 24 months.

N.T., 6/3/14, at 6-7 (emphasis added).

Our review further indicates that the trial court did not set forth the relevant guideline ranges, nor indicated that it was aware of and considered the sentencing guidelines before electing to depart from them and sentence

Appellant beyond the guidelines. Rather, it appears from the record, ***see supra***, that the trial court believed it was imposing an aggravated range sentence.

42 Pa.C.S.A. § 9781(c)(1) makes clear that "the appellate court shall vacate the sentence and remand the case to the sentencing court with instructions if it finds [that] the sentencing court purported to sentence within the sentencing guidelines but applied the guidelines erroneously." Moreover, in reviewing a discretionary challenge to a sentence outside of the guideline range, "we cannot analyze whether there are adequate reasons for the deviation unless it is first apparent that the court was aware of, and considered the guidelines." ***Johnson***, 666 A.2d at 693 (Pa. Super. 1995).

Because the record does not indicate that the trial court properly considered the sentencing guidelines, and it appears that the trial court erroneously believed it was sentencing Appellant within the sentencing guidelines when it in fact sentenced Appellant beyond the guidelines, we are constrained to vacate the judgment of sentence and remand for re-sentencing. ***See Commonwealth v. Byrd***, 657 A.2d 961 (Pa. Super. 1995) (vacating the judgment of sentence where the sentencing court failed to set forth the permissible range of sentences under the guidelines, and provided reasons on the record to support what it believed was a sentence in the aggravated range, while actually sentencing the appellant outside of the

guidelines without providing a contemporaneous statement of its reasons for such deviation).

Judgment of sentence vacated. Case remanded for re-sentencing. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/9/2015